UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **DELISA WARD** | \* | **CIVIL ACTION NO.** |
| | \* | |
| **VERSUS** | \* | **JUDGE** |
| | \* | |
| **A1 ABSOLUTE BEST CARE, LLC** | \* | **MAGISTRATE** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, DeLisa Ward, and files this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* and the Louisiana Wage Payment Statute, La. R.S. 23:631 *et seq*.

## PARTIES

1.

Plaintiff, DeLisa Ward, is a person of the age of majority, a resident of Jefferson Parish and citizen of the State of Louisiana.

2.

Made Defendant herein is A1 Absolute Best Care, LLC, who upon information and belief, is a Louisiana limited liability company with its principal place of business in Jefferson Parish, State of Louisiana.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as one of the claims at issue arises out of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.

Defendant's Louisiana business location is within the Eastern District of Louisiana, and at all time relevant to this Complaint, Defendant was engaged in commerce in the State of Louisiana.

6.

Venue is proper in this District pursuant to 28 U.S.C. §1391, as the actions of Defendant occurred in the Eastern District of Louisiana, Plaintiff resides in the Eastern District of Louisiana and the damages to Plaintiff occurred in the Eastern District of Louisiana.

## **FACTUAL BACKGROUND**

7.

Ms. Ward began her employment with Defendant in approximately August, 2004. Throughout her employment, Ms. Ward served as a caregiver to Mr. Stephen Haupt.

8.

During her employment, Ms. Ward was paid at an hourly rate of $8.00 per hour.

9.

During her employment, Ms. Ward worked seven (7) days a week, twelve (12) hours a day, from 7:00a.m. to 7:00p.m.

10.

Despite working more than 40 hours per week the entire time she was employed, Ms. Ward was never paid overtime.

11.

Ms. Ward's last day of employment was June 23, 2017.

## CAUSES OF ACTION

### Fair Labor Standards Act ("FLSA")

12.

Defendant's practice of refusing to pay for all hours worked over forty (40) hours per week, is a knowing and willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

13.

Upon information and belief, Defendant was aware (or should have been aware) that it was required to pay Plaintiff overtime, but refused to do so.  Upon information and belief, Defendant made payments to other employees in recognition of its willful and knowing failure to pay overtime.

14.

Pursuant to 29 U.S.C. § 216(b), in addition to the actual wages owed to Plaintiff, Defendant is liable to Plaintiff for an additional amount equal to all unpaid wages as liquidated damages.

15.

Furthermore, Defendant is liable for all costs of this action and the payment of Plaintiff's reasonable attorney's fees.  *See* 29 U.S.C. § 216(b).

16.

Plaintiff hereby consents to the filing/initiation of this action pursuant to 29 USCA § 216(b).[1]

## Louisiana Wage Payment Statute

17.

The unpaid overtime wages to which Plaintiff was entitled is an "earned wage" within the meaning of Louisiana's Wage Payment Statute, La. R.S. 23:631.

18.

Defendant's refusal to pay Plaintiff's earned wages is a violation of Louisiana's Wage Payment statute, La. R.S. 23:631, *et seq*.

19.

In addition, as a result of Defendant's bad faith refusal to pay their earned wages, Plaintiff is entitled to penalty wages from the date of the first demand for unpaid wages, pursuant to La. R.S. 23: 632.

20.

Finally, Plaintiff is entitled to an award of attorney's fees on her claim for unpaid wages, pursuant to La. R.S. 23:632.

**WHEREFORE**, Plaintiff prays that Defendant, A1 Absolute Best Care, LLC, be served with a copy of the Complaint and be cited to appear and answer same and that after due proceedings are had, that judgment be rendered in favor of Plaintiff and against A1 Absolute Best Care, LLC, in an amount to compensate Plaintiff for all wages, penalties and liquidated damages to which they are entitled by law, for legal interest on all damages awarded from the

date of judicial demand until paid, for the costs of this litigation and reasonable attorney's fees and for such other damages and relief as this Court may deem just and proper.

Respectfully submitted,

**THE DEMMONS LAW FIRM**


    s/Larry E. Demmons
**LARRY E. DEMMONS (#24376)**
3201 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504)-296-6417
Facsimile (504)-335-0749

**COUNSEL FOR PLAINTIFF,
DELISA WARD**

---

[1]   *See* Exhibit "A."